NOTICE

This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

Rule 23 filed March 11, 2021

Modified upon denial of
Rehearing March 23, 2021

2021 IL App (4th) 190068-U

NO. 4-19-0068

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| AARON PURCELL, | ) | No. 16CF1658 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding the State's evidence was sufficient to prove
defendant guilty of aggravated driving under the influence.

¶ 2    Following a November 2018 bench trial, the trial court found defendant, Aaron

Purcell, guilty of one count of aggravated driving under the influence of a drug (DUI) (625 ILCS

5/11-501(a)(6), (d)(1)(a) (West 2016)). Defendant filed a motion to reconsider and for a new

trial. At a January 2019 hearing, the court denied defendant's posttrial motion and sentenced

defendant to 24 months' probation.

¶ 3    Defendant appeals, contending the State's evidence was insufficient to prove him

guilty beyond a reasonable doubt of aggravated DUI. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            In December 2016, the State charged defendant by information with one count of aggravated DUI (count I) (625 ILCS 5/11-501(a)(4), (d)(1)(a) (West 2016)), alleging defendant drove, or was in actual physical control of, a Chevrolet pickup truck while under the influence of cocaine to a degree that rendered defendant incapable of safely driving.

¶ 6            In June 2017, the State filed an additional count of aggravated DUI (count II) (625 ILCS 5/11-501(a)(6), (d)(1)(a) (West 2016)). Count II alleged defendant drove, or was in actual physical control of, a Chevrolet pickup truck at a time when he had any amount of a drug, substance, or compound in his breath, blood, or urine resulting from the unlawful use or consumption of cocaine after having been twice previously convicted of DUI.

¶ 7            In November 2018, the trial court commenced a bench trial in this case. Prior to the start of trial, the State elected to proceed only on count II, and the court dismissed the remaining count. The State presented the testimony of (1) Larry Landrus, a Decatur paramedic; (2) Jessie Owens; a Macon County sheriff's deputy; (3) Cody Woods; a detective and evidence custodian; and (4) Elena Kok, an Illinois State Police forensic toxicologist. Defendant did not call any witnesses. The evidence relevant to the issue on appeal follows.

¶ 8            Landrus testified that on September 24, 2016, at approximately 9:48 p.m., he was dispatched to a McDonald's parking lot in Forsyth, Illinois, where he observed "a pickup truck and a dark-colored small car *** parked side by side." Landrus "found that there was nobody in the car, but there [were] two people in the pickup truck." Landrus testified defendant was "[i]n the driver's seat" and further stated defendant did not ingest anything before police officers arrived. On cross-examination, Landrus testified he spoke with the responding deputies at the scene. During his testimony, defense counsel played a short segment of a squad-car video and the following colloquy ensued:

"Q. (By [defense counsel]) Mr. Landrus, was that you saying 'When we pulled up, they were both outside of the car'?

A. No, ma'am. That's not what I said.

Q. What did you say?

A. What I said was 'We got them out of the car.' "

The trial court conducted its own examination of Landrus as follows:

"Q. It's your testimony when you arrived there, there were two people in the pickup truck; correct?

A. Yes, sir.

Q. The defendant who was behind the driver's wheel and a female passenger; correct?

A. Yes.

Q. Where was she seated?

A. She was in the passenger seat of the pickup.

Q. And it's your testimony that essentially you observed the two of them until we saw the police arrive?

A. Yes, sir.

Q. How long was it between the time you got there and the time the police arrived?

A. Exact time, I'm not sure; but it was probably only three to five minutes.

Q. A few minutes. What was the defendant doing [*sic*] that period of time? Just basically sitting in the pickup truck?

A. Yes, sir."

¶ 10   Officer Owens testified he responded to the McDonald's parking lot at approximately 9:46 p.m., after a call came in regarding "a subject that was passed out in a vehicle." Owens was then provided "an update" indicating "there was [now] some type of yelling going on." Upon his arrival, Owens observed paramedics speaking with defendant who was seated in his pickup truck. Owens asked defendant how he came to be at the McDonald's. Defendant stated that "he was at the Bourbon Barrel waiting for somebody to come pick him up and *** people started showing up, so he'd left and drove up to the Forsyth McDonald's waiting for his ride to come and get him." While speaking with defendant, Owens observed defendant displaying signs of impairment. Defendant's "balance was a little uncoordinated," and "his pupils appeared to be constricted which is an indicator of a narcotic use." Defendant told Owens he most recently used illegal substances at his home in Illiopolis, Illinois, where "he had smoked methamphetamines earlier in the day ***." During a search of defendant's vehicle, Owens discovered drug paraphernalia and placed defendant under arrest. Upon defendant's arrival at the sheriff's department, defendant agreed to undergo field sobriety tests, and based on those results, defendant was arrested for DUI. Owens subsequently asked defendant if he was willing to consent to a urine test and defendant agreed. Owens then escorted defendant to a bathroom and remained with him while the DUI test kit was completed.

¶ 11   Kok testified she was a forensic toxicologist for the Illinois State Police. In addition to obtaining her master's and doctoral degrees, Kok completed an 18-month training program in the field of toxicology through the Illinois State Police. Kok stated she had "worked in forensics for about 15 years" and performed "anywhere between 400 and 500" analyses for controlled substances each year. Defense counsel stipulated to the State tendering Kok as an expert witness in forensic toxicology. Kok testified she performed a preliminary drug screen and

confirmatory testing on defendant's urine. The tests confirmed the presence of benzoylecgonine, which is a metabolite "specific for cocaine."

¶ 12          During closing arguments, the State argued defendant admitted driving on September 24, 2016, and had a controlled substance in his system as evidenced by the tests performed by Kok. Defense counsel argued that although defendant admitted that he used methamphetamines and drove to Decatur, he did not make a statement regarding the use of cocaine and "we have no idea whether it was in his system at the time he drove."

¶ 13          At the conclusion of the trial, the trial court found defendant guilty of aggravated DUI. The court stated, in part, as follows:

> "I believe there was evidence presented that the defendant was driving. In the video, the defendant is right outside the passenger side of a white truck. I think the original call was there were two individuals passed out in the vehicle. The EMT indicated in his testimony today that when he arrived, the defendant was behind the wheel. I agree with you, [defense counsel], that that part of his testimony was impeached in that he appeared to tell Deputy Owens when Deputy Owens arrived that the defendant at least at some point was outside the vehicle, but there was no impeachment at least as to the period of time the EMT observed the defendant. He testified the defendant did not ingest any type of controlled substances or other items or substances. The defendant told the deputy that he drove from the Bourbon Barrel because apparently his ride did not show up. There's no evidence that he was not driving, and I believe there is sufficient circumstantial evidence in this case that the defendant was driving the vehicle."

¶ 14 Defendant subsequently filed a motion to reconsider and for a new trial, asserting the State did not prove him guilty beyond a reasonable doubt. At a January 2019 hearing, the court denied defendant's posttrial motion and sentenced him to 24 months' probation.

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, defendant argues the evidence was insufficient to prove him guilty beyond a reasonable doubt of aggravated DUI. Specifically, defendant contends the State failed to prove that the benzoylecgonine found in his urine resulted from his consumption of cocaine prior to driving. The State disagrees and asserts the evidence was sufficient.

¶ 18 In reviewing a challenge to the sufficiency of the evidence, "the relevant inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Ngo*, 388 Ill. App. 3d 1048, 1052, 904 N.E.2d 98, 102 (2008) (quoting *People v. Singleton*, 367 Ill. App. 3d 182, 187, 854 N.E.2d 326, 331 (2006)). "The trier of fact has the responsibility to determine the credibility of witnesses and the weight given to their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from that evidence." *Id.* "Circumstantial evidence is sufficient to sustain a criminal conviction, provided that such evidence satisfies proof beyond a reasonable doubt of the elements of the crime charged." *People v. Hall*, 194 Ill. 2d 305, 330, 743 N.E.2d 521, 536 (2000). "The trier of fact need not, however, be satisfied beyond a reasonable doubt as to each link in the chain of circumstances. It is sufficient if all of the evidence taken together satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt." *Id.* A reviewing court "will not overturn the verdict of the fact finder 'unless the evidence is so unreasonable, improbable[,] or unsatisfactory that it raises a reasonable

- 6 -

doubt of defendant's guilt.' " *Singleton*, 367 Ill. App. 3d at 187-88 (quoting *People v. Evans*, 209 Ill. 2d 194, 209, 808 N.E.2d 939, 947 (2004)).

¶ 19 At the time defendant was charged in this case, section 11-501(a)(6) of the Illinois Vehicle Code stated, in pertinent part:

> "A person shall not drive or be in actual physical control of any vehicle within this State while *** there is any amount of a drug, substance, or compound in the person's breath, blood, other bodily substance, or urine resulting from the unlawful use or consumption of a controlled substance listed in the Illinois Controlled Substances Act [720 ILCS 570/100 *et seq.* (West 2016)] ***." 625 ILCS 5/11-501(a)(6) (West 2016).

¶ 20 Here, the State presented the testimony of Larry Landrus, who testified that when he arrived at the McDonald's parking lot, he found defendant "in the driver's seat" of a pickup truck. Landrus testified he then "got [defendant] out of the car." Landrus further testified defendant did not ingest anything between the time he and responding police officers arrived. In addition, Officer Owens testified he was dispatched to the McDonald's after a call came in regarding "a subject that was passed out in a vehicle." While speaking with defendant, Owens observed defendant exhibited a lack of balance and "his pupils appeared to be constricted." Defendant admitted to Owens he drove the pickup to the McDonald's to wait for his ride. Further, the State's expert testified she performed a preliminary drug screen and testing on defendant's urine, which confirmed the presence of benzoylecgonine, a cocaine metabolite.

¶ 21 While defendant contends on appeal that Landrus's testimony, that defendant was in the pickup truck when he arrived at the scene, was impeached with audio from the squad car

video, his in-court testimony nonetheless constituted affirmative evidence that defendant drove or was in actual physical control of the vehicle upon which the fact-finder could rely. Importantly, upon cross-examination, when defense counsel played the audio recording, Landrus disputed counsel's assertion he is heard saying "When we pulled up, they were both outside the car." Instead, Landrus testified he said, "We got them out of the car." We note the trial court did not find the audio directly contradicted Landrus's in-court testimony that defendant was inside the pickup when he arrived, only that "at some point" defendant was outside the truck. While defendant asserts the evidence "equally supports" the conclusion defendant used cocaine after driving to the McDonald's parking lot as it does that he used cocaine before he drove to McDonald's, it was the function of the trial court, as trier of fact, "to determine the credibility of witnesses and the weight given to their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from that evidence." *Singleton*, 367 Ill. App. 3d at 187, see also *People v. Milka*, 336 Ill. App. 3d 206, 228, 783 N.E.2d 51, 70 (2003) (finding the trier of fact is not obligated to accept a reasonable hypothesis of innocence and raise it to the status of reasonable doubt). Here, a factfinder could have found that defendant drove or was in actual physical control of the pickup while a cocaine metabolite was in his system based on the reasonable inferences to be drawn from the evidence.

¶ 22 After viewing the evidence in the light most favorable to the prosecution, as we must, we find the State presented sufficient evidence from which a rational trier of fact could have found defendant guilty of aggravated DUI beyond a reasonable doubt.

¶ 23                                    III. CONCLUSION

¶ 24       For the reasons stated, we affirm the trial court's judgment.

¶ 25       Affirmed.